1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  BEN W. ALLUSTIARTE, et al.,        No.  CIV.S-05-2284 DFL DAD PS

12          Plaintiffs,

13      v.                             ORDER AND

14  UNITED STATES, et al.,             FINDINGS AND RECOMMENDATIONS

15          Defendants.
    _____/

16

17          This matter is before the court on defendant W. Austin

18  Cooper's motion to dismiss pursuant to Federal Rule of Civil

19  Procedure 12(b)(6), or in the alternative for a more definite

20  statement.  Defendant Cooper is an attorney licensed to practice law

21  in California and is proceeding pro se.  Plaintiffs also are

22  proceeding pro se.  The undersigned finds oral argument to be

23  unnecessary and will consider the pending motion upon the record and

24  briefs on file.[1]  See Local Rule 78-230(h).

25  _____

26          [1] In their opposition, plaintiffs have expressed an intention
    not to appear at the hearing which was noticed for March 10, 2006.

                                    1

1

**LEGAL STANDARDS**

2      A motion to dismiss pursuant to Rule 12(b)(6) of the

3 Federal Rules of Civil Procedure tests the sufficiency of the

4 complaint.   See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d

5 578, 581 (9th Cir. 1983).   Dismissal of the complaint or of any claim

6 within it "can be based on the lack of a cognizable legal theory or

7 the absence of sufficient facts alleged under a cognizable legal

8 theory."   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th

9 Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749

10 F.2d 530, 534 (9th Cir. 1984).

11      In considering a motion to dismiss for failure to state a

12 claim, the court accepts as true all material allegations in the

13 complaint and construes those allegations, as well as the reasonable

14 inferences that can be drawn from them, in the light most favorable

15 to the plaintiff.   See Hishon v. King & Spalding, 467 U.S. 69, 73

16 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

17 In a case where the plaintiff is pro se, the court has an obligation

18 to construe the pleadings liberally.   Bretz v. Kelman, 773 F.2d 1026,

19 1027 n.1 (9th Cir. 1985)(en banc).   However, the court's liberal

20 interpretation of a pro se complaint may not supply essential

21 elements of a claim that are not pled.   Pena v. Gardner, 976 F.2d

22 469, 471 (9th Cir. 1992); Ivey v. Bd. of Regents of Univ. of Alaska,

23 673 F.2d 266, 268 (9th Cir. 1982).

24

**ANALYSIS**

25      Plaintiffs' complaint appears to arise out of bankruptcy

26 proceedings spanning at least two decades.   Plaintiffs apparently

2

take issue with the disposition of certain real property in those
proceedings as well as with the actions of various attorneys and
judges with whom they interacted during proceedings in bankruptcy
court, district court and on appeal.  In their complaint plaintiffs
seek billions of dollars in damages.[2]  However, the precise nature of
the claims plaintiffs are attempting to pursue is not at all clear.
In this regard, the complaint is undermined by the absence of
sufficient factual allegations in support of any cognizable legal
theory.  The complaint's allegations do not amount to a short plain
statement of a claim showing that plaintiffs are entitled to relief
or set forth any factual allegations giving rise to federal
jurisdiction.  See Fed. R. Civ. P. 8(a)(1), (2).  Although the
Federal Rules adopt a flexible pleading policy, a complaint fails to
give fair notice and state the elements of the claim(s) plainly and
succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th
Cir. 1984).  Plaintiffs have not alleged with any degree of
particularity overt acts which the defendants engaged in that support
plaintiffs' claim.  Id.

        Because of these deficiencies, plaintiffs' complaint should
be dismissed as to all defendants.[3]  Nonetheless, out of an abundance

_____

        [2] A grand jury investigation of all defendants and the
termination of the "corruption of justice" is also sought by
plaintiffs.

        [3] The court "may properly on its own motion dismiss an action as
to defendants who have not moved to dismiss where such defendants are
in a position similar to that of moving defendants or where claims
against such defendants are integrally related."  Silverton v. Dep't
of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981); see also Omar v.
Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("Such a

3

of caution, leave to file an amended complaint should be granted as

to defendant Cooper as well as defendants Dennis M. Hauser, Edward

Briseno, Melvin J. CoBen and Martin B. Briffman.  Although it appears

highly unlikely, at least at this very early stage of the proceedings

it is conceivable that plaintiffs may be able to allege facts in

support of a cognizable claim as these individual defendants.

On the other hand, the undersigned will recommend that all

other defendants be dismissed with prejudice.  As they are named in

the caption of the complaint, this includes the following defendants:

>United States; U.S. Court of Appeals for The
>Ninth Circuit; United States District for The
>Eastern District of California; Lawrence L.
>Karlton Judge, Spouse, and Heirs; Edward J.
>Garcia (J. Retired) Spouse and Heirs; U.S.
>Bankruptcy Court for The Eastern District of
>California; Loren S. Dahl (J. Retired), Spouse,
>and Heirs; and David E. Russell (J. Retired)
>Spouse and Heirs.

Those defendants are current or former judges of the local federal

bankruptcy, district or appellate courts.[4]  While plaintiffs'

complaint is difficult to decipher, it is at least clear that the

conduct complained of as to these defendants stems from functions

---

dismissal may be made without notice where the plaintiff cannot
possibly win relief.").  The court's authority in this regard
includes sua sponte dismissal as to both defendants who have not been
served and those who have not yet answered or appeared.  See Ricotta
v. State of California, 4 F. Supp. 2d 961, 978 (S.D. Cal. 1998); Bach
v. Mason, 190 F.R.D. 567, 571 & n.7 (D. Idaho 1999)(Garcia, J.).

[4] The United States appears to be named as a defendant only
because plaintiffs litigated this matter in the federal courts.  In
any event, the United States, as a sovereign, is immune from suit
unless it has waived its immunity.  See Dep't of Army v. Blue Fox,
Inc., 525 U.S. 255, 260 (1999); United States v. Mitchell, 445 U.S.
535, 538 (1980).

1  normally performed by judges.  Plaintiffs dealt with these defendants

2  in their judicial capacity and it cannot be said that defendants'

3  actions were taken in the absence of jurisdiction.  Thus, these

4  defendants are entitled to absolute judicial immunity with respect to

5  plaintiffs' claim against them.  See Mireles v. Waco, 502 U.S. 9

6  (1991); Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386

7  U.S. 547 (1967); Meek v. County of Riverside, 183 F.3d 962, 965-68

8  (9th Cir. 1999); Partington v. Gedan, 961 F.2d 852, 866-67 (9th Cir.

9  1992).  Therefore, leave to amend should not be granted as to the

10  judicial defendants.

11      The undersigned will also recommend that plaintiffs

12  "Allustiarte Trusts (3)" and "Allustiarte Brothers by Gregory R.

13  Allustiarte" be dismissed from this action.  Only plaintiffs Ben W.

14  Allustiarte and Linda M. Allustiarte have signed the complaint.  One

15  pro se litigant cannot represent another pro se litigant.  See Johns

16  v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a

17  non-attorney may appear pro se on his own behalf, he has no authority

18  to appear as an attorney for others than himself.") (internal

19  quotations and citation omitted).  Moreover, a trust can only appear

20  in an action through counsel.[5]

21

22  [5] Unincorporated associations, including trusts, must appear in
    court through a licensed attorney.  See Rowland v. California Men's

23  Colony, 506 U.S. 194, 202 (1993); C.E. Pope Equity Trust v. United
    States, 818 F.2d 696, 697 (9th Cir. 1987).  See also Church of the

24  New Testament v. United States, 783 F.2d 771, 772 (9th Cir. 1987).
    Likewise, a trustee may not appear pro se as a trust's legal

25  representative.  C.E. Pope, 818 F.2d 696 (dismissing complaint signed
    only by nonlawyer trustee).  It also is a general rule that a

26  corporation can appear only through an attorney.  See Taylor v.
    Knapp, 871 F.2d 803, 806 (9th Cir. 1989).

1    Finally, if the findings and recommendations herein are

2  adopted and plaintiffs Ben W. Allustiarte and Linda M. Allustiarte

3  choose to continue to pursue this action by filing an amended

4  complaint, plaintiffs are advised that they must set forth the

5  grounds upon which the court's jurisdiction depends.  Moreover, any

6  amended complaint must include clear and concise factual allegations

7  describing the events which underlie plaintiffs' claims.

8    In addition, plaintiffs are informed that the court cannot

9  refer to a prior pleading in order to make any amended complaint

10  complete.  Local Rule 15-220 requires that an amended complaint be

11  complete in itself without reference to any prior pleading.  This is

12  because, as a general rule, an amended complaint supersedes the

13  original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

14  1967).  Once plaintiffs file an amended complaint, the complaint no

15  longer serves any function in the case.  Therefore, in an amended

16  complaint, as in an original complaint, each claim and the

17  involvement of each defendant must be sufficiently alleged.  Any

18  amended pleading which fails to provide the necessary factual

19  description will likely be dismissed.

20    Plaintiffs are forewarned that the failure to file an

21  amended complaint which complies with this order will result in a

22  recommendation that this action be dismissed.

23                            **CONCLUSION**

24    Accordingly, IT IS HEREBY ORDERED that the hearing on

25  defendant's motion to dismiss set for March 10, 2006, at 10:00 a.m.

26  is vacated.

IT IS HEREBY RECOMMENDED that:

1.   Defendant W. Austin Cooper's motion to dismiss be granted;

2.   Plaintiffs Ben W. Allustiarte and Linda M. Allustiarte be granted leave to file an amended complaint as to defendants Dennis M. Hauser, Edward Briseno, Melvin J. CoBen and Martin B. Briffman only;

3.   Plaintiffs "Allustiarte Trusts (3)" and "Allustiarte Brothers by Gregory R. Allustiarte" be dismissed;

4.   The United States and all judicial defendants identified above be dismissed with prejudice; and

5.   Plaintiffs Ben W. Allustiarte and Linda M. Allustiarte be directed to file an amended complaint within twenty (20) days of any order adopting these findings and recommendations if they elect to pursue this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may

/////

/////

/////

7

1   waive the right to appeal the District Court's order.   See <u>Martinez</u>

2   <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: March 9, 2006.

4

5                                                  DALE A. DROZD
                                                   UNITED STATES MAGISTRATE JUDGE
6

7   DAD:th
    Ddad1/orders.prose/allustiarte2284.f&r.mtd
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26