IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEN W. ALLUSTIARTE, et al.,             No.  CIV.S-05-2284 DFL DAD PS

        Plaintiffs,

  v.                                     ORDER

UNITED STATES, et al.,

        Defendants.
_____/

       Plaintiffs Ben and Linda Allustiarte, proceeding pro se, have filed documents which the undersigned has construed as a motion to disqualify pursuant to 28 U.S.C. § 455(a).

       A judge is required to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  The decision regarding disqualification is made by the judge whose impartiality is at issue.  See Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986).  "The test for disqualification under section 455(a) is an objective one: whether a reasonable person with

1  knowledge of all the facts would conclude that the judge's
2  impartiality might reasonably be questioned." <u>United States v.</u>
3  <u>Nelson</u>, 718 F.2d 315, 321 (9th Cir. 1983).
4       In their motion to disqualify, plaintiffs assert that the
5  undersigned must disqualify himself because of "bias, prejudice, and
6  direct friendship with the Defendants, Judges and Attorneys."
7  Plaintiffs' allegation appears to stem, at least in part, from the
8  Order and Findings and Recommendations issued by the undersigned on
9  March 9, 2006.  However, an adverse ruling such as that referred to
10 does not amount to an adequate basis for recusal.  <u>See</u> <u>Leslie v.</u>
11 <u>Grupo ICA</u>, 198 F.3d 1152, 1160 (9th Cir. 1999)("Leslie's allegations
12 stem entirely from the district court judge's adverse rulings.  That
13 is not an adequate basis for recusal.").  Further, the undersigned
14 finds that he has no degree of partiality or bias so that
15 disqualification is appropriate or required.  No reasonable person
16 with knowledge of all the facts would conclude that the undersigned's
17 impartiality might reasonably be questioned in this case.
18      Accordingly, defendants' request (Doc. nos. 30 & 33) that
19 the undersigned recuse himself from this matter IS HEREBY DENIED.
20 DATED: March 31, 2006.

                                            /s/ Dale A. Drozd
                                            DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE

24 DAD:th
Ddad1/orders.prose/allustiarte2284.recuse